## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN IMMIGRATION REFORM, 25 Massachusetts Ave, NW Suite 330 Washington, DC 20001<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, 20 Massachusetts Ave, NW Washington, DC 20001<br><br>Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against U.S. Citizenship and Immigration Services ("USCIS") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff FAIR ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25

Massachusetts Ave, NW, Suite 330, Washington, DC 20001.  Plaintiff seeks to educate the citizenry and increase public awareness of immigration issues and hold the nation's leaders accountable for enforcing the nation's immigration laws.  In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant USCIS is an agency of the U.S. Government and is headquartered at 20 Massachusetts Ave, NW, Washington, DC 20001.  USCIS is a component of the U.S. Department of Homeland Security ("DHS"). USCIS has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On January 23, 2015, Plaintiff submitted a FOIA request to USCIS (the "January 23, 2015 FOIA request"), by email, seeking access to the following public records:

> 1. Any and all records that describe the sources of funds expended on the recent hiring of 1,000 new employees and the leasing of a new processing center in Crystal City, Virginia, where those employees will operate.
>
> 2. Any and all records of the estimated costs for the implementation, maintenance, hiring, training, facilities expansion, technology acquisition, promotion, and advertisement of the Deferred Action for Parental Accountability (DAPA) program.
>
> 3. Any and all records of the estimated fees to be received from applicants of the DAPA program.
>
> 4. Any and all records showing application fees for the Deferred Action for Childhood Arrivals (DACA) program being used for purposes other than the processing of those applications.
>
> 5. All communications, memoranda, emails, policy guidance, directives, initiatives, and any other correspondence regarding the instruction received by staff/contract employees on how to conduct background checks and process applications related to the DACA and DAPA programs.

  6. All communications, memoranda, emails, policy guidance, directives, initiatives, and any other correspondence regarding the description and duration of the National Benefit Center's so-called "lean and light" policy toward background checks-processing for DACA; and

  7. Any and all records of the financial costs regarding the adjudication of asylum applications filed by Unaccompanied Alien Children (UAC) from FY2012 to FY2014.

6.  Plaintiff received an acknowledgement letter dated February 23, 2015, from Defendant confirming receipt of Plaintiff's January 23, 2015 FOIA request, assigning the control number COW2015000072.

7.  On August 27, 2015, Plaintiff submitted a FOIA request to USCIS (the "August 27, 2015 FOIA request"), by email, seeking access to the following public records:

  1. Any and all records of memoranda or training documents instructing employees and contracts on compliance with the Anti-Deficiency Act (31 U.S.C. s1341).

  2. Any and all records detailing the number of Advanced Parole applications made and approved under the Deferred Action for Childhood Arrivals (DACA) program.

  3. Any and all records showing the average delays caused to the processing of applications for Legal Permanent Residency as a result of agency resources shifting to processing applications for the DACA program.

  4. Any and all records showing the number of fee waivers, full or in part, that have been applied to applicants of the DACA program from the inception of the DACA program to current.

  5. Any and all records of communications including, but limited to, emails to or from the offices of Alejandro Mayorkas, Leon Rodriguez and Lori Scialabbi mentioning Luke Bellocchi.

  6. Any and all records detailing the amount of employee-hours and employees devoted to the handling of complaints made through the customer complaint hotline recently implemented for the use of undocumented immigrants who believe they fall under the new enforcement priorities program.

   a) Any and all records detailing the amount and nature of the complaints made by stakeholders using the hotline system.

       7. Any and all records of FOIA office processing notes and communications including, but not limited to, emails between the DHS FOIA office regarding our FOIA request (2015-000644) submitted January 23, 2015.

8. Plaintiff received an acknowledgement letter from Defendant dated September 4, 2015, confirming receipt of Plaintiff's August 27, 2015 FOIA request, assigning the control number COW2015000771.

9. On August 27, 2015, Plaintiff submitted a FOIA request to U.S. Immigration and Customs Enforcement ("ICE"), which is also a component of DHS, (the "ICE August 27, 2015 FOIA request"), by email, seeking access to the following public records:

       1. Any and all records detailing the new policy related to greater reporting burdens placed on OPT-educational institutions.

       2. Any and all records detailing the amount of employee-hours and employees devoted to the investigation of claims for eligibility for the Deferred Action for Parental Accountability (DAPA) and Deferred Action for Childhood Arrivals (DACA) programs.

       3. Any and all records detailing the number and average duration of phone calls received from detainees to the Enforcement and Removal Operations' community hotline.

         a) Any and all records detailing the amount of employee-hours and employees devoted to the handling of complaints made through the hotline.

         b) Any and all records detailing the amount and nature of the complaints made by stakeholders using the hotline.

       4. Any and all records of communication including, but not limited to, emails to or from Thomas S. Winkowski and Sarah Saldana where Patricia Vroom is mentioned.

       5. Any and all records of correspondence from or to Executive Associate Director, Enforcement and Removal Operations Thomas Homan including, but not limited, emails mentioning Christopher Shanahan.

       6. The resume on file for Acting Director, Thomas S. Winkowski.

   7. The resume on file for Director, Sarah Saldana.

10. Plaintiff received an acknowledgement letter dated September 11, 2015, from Defendant, confirming receipt of Plaintiff's ICE August 27, 2015 FOIA request, and stating that item numbers 1 and 2 had been rerouted to Defendant, and assigning those items the control number COW2015000796. Defendant stated that it would search for records relating to item numbers 1 and 2.

11. On August 26, 2015, Plaintiff submitted a FOIA request to USCIS (the "August 26, 2015 FOIA request"), by email, seeking access to the following public records:

  1. Any and all records detailing the number of successful T and U visa-applicants from FY2012, FY2013 and FY2014.

  2. Any and all records detailing each of the felonies or misdemeanors triggering those allocations.

  3. Any and all records detailing the number of investigations that have been opened of companies suspected of violating the H-1B, L-1B or B-1 programs in FY2012, FY2013, and FY2014.

  4. Any and all records of communications from 2012 to the date of this request between department officials and employees, representatives and/or agents of the following companies: Microsoft, Intel, Oracle, Hewlett-Packard, Facebook, FWD.us, Consumer Electronics Association, Business Roundtable, U.S. Chamber of Commerce, Compete America.

  5. The resume on file for Secretary, Thomas Perez.

12. Plaintiff received an acknowledgement letter dated September 11, 2015, from Defendant confirming receipt of Plaintiff's August 26, 2015 FOIA request, assigning the control number NRC2015116167 for item number 1 through 4. Item number 5 was to be addressed by the Department of Labor.

13. On December 23, 2015, Plaintiff submitted a FOIA request to USCIS (the "December 23, 2015 FOIA request"), by email, seeking access to the following public records:

        1. Any and all original records of communications, including but not limited to emails, between USCIS staff and American Immigration Lawyers Association from FY2015 to present regarding the validity of STEM-related Optional Practical Training work permits with expiration dates beyond February 12, 2016.

14.    Plaintiff received an acknowledgement letter dated January 5, 2016, from Defendant confirming receipt of Plaintiff's December 23, 2015 FOIA request, assigning the control number COW2016000009.

15.    On January 6, 2016, Plaintiff submitted a FOIA request to USCIS (the "January 6, 2016 FOIA request"), by email, seeking access to the following public records:

        1. Any and all original records relating to any final determination made with regards to the validity of the STEM-related Optional Practical Training work permits with expiration dates at or beyond February 12, 2016.

16.    Plaintiff received an acknowledgement letter dated January 11, 2016, from Defendant confirming receipt of Plaintiff's January 6, 2016 FOIA request, assigning the control number COW2016000025.

17.    On May 17, 2016, Plaintiff submitted a FOIA request to DHS (the "May 17, 2016 DHS FOIA request"), by email, seeking access to the following public records:

    1. Any and all records, guidance, directives or memoranda instructing or recommending to ICE to alter, change or adjust its annual removal statistics.

    2. Any and original records showing the numbers of aliens processed under the Alien Transfer Exit Program from FY2011 to the present.

    3. Any and all original records showing the number of legal permanent status granted from FY2013 to the present to individuals from the following countries: Brunei, Maldives, Western Sahara, Macedonia, Guinea Bissau, Dijibouti, Bahrain, Qatar, Kosovo, Gambia, Bosnia-Herzegovina, Albania, Eritrea, Lebanon, Oman, Kuwait, United Arab Emirates, Sierra Leone, Mauritania, Palestine, Turkmenistan, Kyrgyzstan, Libya, Jordan, Tajikistan, Chad, Ivory Coast, Guinea, Azerbaijan, Kazakhstan, Somalia, Tunisia, Burkina Faso, Senegal, Mali, Malaysia, Niger, Syria, Saudi Arabia, Uzbekistan, Afghanistan, Iraq, Morocco, Sudan, Algeria, Yemen, Turkey, Iran, Nigeria, Egypt, Bangladesh, India, Pakistan, Indonesia.

18. Plaintiff received an acknowledgement letter dated May 23, 2016, from Defendant confirming receipt of item 3 of Plaintiff's May 19, 2016 FOIA request, and assigning the control number COW2016000489 to item 3.

19. On May 29, 2016, Plaintiff submitted a FOIA request to USCIS (the "May 29, 2016 FOIA request"), by email, seeking access to the following public records:

> 1. Any and all information relating to communications, including but not limited to emails, of Senior Counsel, Lucas Guttentag from FY2014 to present, with the following people and organizations, including their representatives: Steve Legomsky, Cecilia Munoz, American Civil Liberties Union, US Conference of Catholic Bishops, Hebrew Immigrant Aid Society, People for the American Way, National Immigration Forum, Anti-Defamation League, Southern Poverty Law Center, United We Dream, National Council of La Raza, Migration Policy Institute, Casa De Maryland, Center for American Progress, Immigrant Legal Resource Center, Mexican American Legal Defense and Education Fund, National Immigration Law Center.
>
>   a) Any and all records of schedules calendars of Mr. Guttentag from FY 2014 to the present, referring to relating to the arrangement of meetings with the aforementioned individuals and groups, including their representatives.
>
>   b) Any and all records of notes or memos taken by Mr. Guttentag or any other Homeland Security (DHS) staff with regards to the aforementioned meetings.
>
> 2. Any and all records of schedules and/or calendars of Mr. Guttentag from FY2014 to the present.
>
> 3. The most up-to-date resume for Mr. Guttentag.

20. Plaintiff received an acknowledgement letter dated June 1, 2016, from Defendant confirming receipt of Plaintiff's May 29, 2016 FOIA request, assigning the control number COW2016000505.

21. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with each of Plaintiff's FOIA requests within twenty (20) working days after receipt of each request and to notify Plaintiff immediately of its determination, the reasons

therefore, and the right to appeal any adverse determination.  Accordingly, Defendant's determination of the January 23, 2015 FOIA request was due by March 20, 2015 at the latest; USCIS's determination of the August 27, 2015 FOIA request was due by October 5, 2015 at the latest; USCIS's determination of the ICE August 27, 2015 FOIA request was due by October 9, 2015 at the latest; USCIS's determination of the August 26, 2015 FOIA was due by October 9, 2015 at the latest; USCIS's determination of the December 23, 2015 FOIA request was due by February 3, 2016 at the latest; USCIS's determination of the January 6, 2016 FOIA request was due by February 9, 2016 at the latest; USCIS's determination of the May 17, 2016 FOIA request was due by June 20, 2016 at the latest; and USCIS's determination of the May 29, 2016 FOIA request was due by June 29, 2016 at the latest.

22. As of the date of this Complaint, USCIS have failed to: (i) determine whether to comply with Plaintiff's FOIA requests; (ii) notify Plaintiff of any such determination or the reasons for such determination for these FOIA requests; (iii) advise Plaintiff of the right to appeal any adverse determination of these FOIA requests; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

23. Because Defendant have failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA requests, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to that request, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
(Violation of FOIA, 5 U.S.C. § 552)

24. Plaintiff re-alleges paragraphs 1 through 23 as if fully stated herein.

25. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

26. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:     August 12, 2016                    Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Immigration Reform Law Institute
25 Massachusetts Ave. NW, Suite 335
Washington DC, 20001
Telephone: 202-232-5590
FAX (202) 464-3590
Email: jaxelrod@irli.org